IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| **DERMAN DENEIL COOKS, #661121,** § | |
| Petitioner, § | |
| § | |
| v. § | Civil No. 3:15-CV-2007-G-BK |
| § | |
| **WILLIAM STEPHENS, Director,** § | |
| **Texas Department of Criminal Justice,** § | |
| **Correctional Institutions Div.,** § | |
| Respondent. § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, this *pro se* habeas corpus action under 28 U.S.C. § 2254 was automatically referred to the United States Magistrate Judge. For the reasons that follow, it is recommended that this action be dismissed for want of prosecution.

**I. BACKGROUND**

On June 9, 2015, Petitioner (a state prisoner) filed a *pro se* letter complaint setting out lengthy allegations which apparently pertain to the Texas parole review process. Doc. 3. Subsequently, the Court issued a deficiency order, granting him an opportunity to submit a habeas corpus petition with the appropriate filing fee or a motion to proceed *in forma pauperis*. Doc. 4. In his July 9, 2015 response, Petitioner advised that he was not challenging the parole review process, but his confinement. Doc. 6 at 1. He claimed that his records were changed and that his 25-year sentences should run concurrently. Doc. 6 at 1-2. Based on his response, the Court issued a second deficiency order on July 13, 2015, advising Petitioner that, insofar as he sought to be released from confinement, Doc. 6 at 3, his request must be submitted as a petition for writ of habeas corpus filed on the appropriate form and with the requisite $5.00 filing fee or request to proceed *in forma pauperis*. Doc. 7.

On July 30, 2015, instead of responding to the deficiency order, Petitioner submitted two letters to the Clerk of Court. As best as the Court can decipher, Petitioner seeks to compel the Department of Public Safety to provide him a list of his convictions. Doc. 8. He also requested the Court to wait for a response on a motion to amend he purportedly submitted to an unspecified state court. Doc. 9. However, absent a petition for writ of habeas corpus filed on the appropriate form and the required $5.00 filing fee or a request to proceed in forma pauperis, Petitioner's case cannot proceed. Thus, on August 31, 2015, the Court issued a third deficiency order, again requiring Petitioner to submit his pleadings on the federal habeas form and the proper filing fee or a motion to proceed *in forma pauperis*. Doc. 10. The deadline for Petitioner to comply was September 28, 2015. The order also advised him that absent a showing of good cause, the Court would not issue any subsequent deficiency order.

Petitioner has once again failed to comply with the Court's deficiency order. Although he paid the $5 filing fee on September 21, 2015, he has yet to submit a proper habeas corpus petition or seek an extension of time to do so. Indeed his September 15, 2015 *Motion for Release* states that "[a] 2254 will not be filed only this MOTION FOR RELEASE." Doc. 12 at 1. Petitioner reiterates that he is not challenging an "illegal parole," and maintains that his confinement is illegal and against his will, and that his "records" were changed without his knowledge. Doc. 12 at 1.

## II. ANALYSIS

Rule 41(b) of the Federal Rules of Civil Procedure allows a court to dismiss an action *sua sponte* for failure to prosecute or for failure to comply with the federal rules or any court order. *Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998). "This authority flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending

cases." *Boudwin v. Graystone Ins. Co., Ltd.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626 (1962)).

Petitioner has been given ample opportunity to respond to the Court's deficiency orders. Moreover, in his *Motion for Release*, Petitioner confirms that he will <u>not</u> be filing a habeas corpus petition, which (as the Court previously advised him) is required to proceed with this case. *See* Local Rule 5.4 (requiring habeas petitions to be filed in accordance with the current miscellaneous order establishing procedures for such petitions); Miscellaneous Order #13 filed October 15, 2010 (enclosing required form for habeas corpus petitions under 28 U.S.C. §§ 2254 and 2241). Petitioner has, thus, refused to comply with the Court's deficiency orders. Therefore, this action should be dismissed without prejudice for lack of prosecution. *See* FED. R. CIV. P. 41(b) (an involuntary dismissal "operates as an adjudication on the merits," unless otherwise specified).[1]

### III. RECOMMENDATION

For the foregoing reasons, it is recommended that this action be **DISMISSED** without prejudice for want of prosecution.

SIGNED October 19, 2015.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

---

[1] Absent a petition on the federal form, the Court cannot determine the claims at issue and the application of the limitations period, if any. Thus, it is unclear whether the higher standard for dismissal with prejudice for want of prosecution would be applicable in this case. *See Bryson v. United States*, 553 F.3d 402, 403-04 (5th Cir. 2008) (citing *Callip v. Harris County Child Welfare Department*, 757 F.2d 1513, 1519 (5th Cir. 1985)).

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

      A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In <u>order</u> to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n,* 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE